UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ADRIANNE D. HAGGER,<br><br>          Defendant. | Case No. 4:17-CR-00216-BLW<br><br>**REPORT AND**<br>**RECOMMENDATION** |

    On March 2, 2018, Defendant Adrianne D. Hagger appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 46). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 8), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

    The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the

**REPORT AND RECOMMENDATION - 1**

consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(b)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government withdrew its initial motion for detention (Dkt. 17) at the time of the Defendant's Initial Appearance and arraignment on September 11, 2017, and Defendant was released on conditions that day. (Dkt. 22.) Following arrest on a pretrial petition (Dkt. 25), Defendant appeared again before the undersigned on October 20, 2017, and was released on additional conditions upon the Government's withdrawal of its second motion for detention. At that time, an Amended Order setting conditions of release was entered. (Dkt. 31.)

On February 27, 2018, Pretrial Services filed a Release Status Report with the Court. (Dkt. 54.) Following release on October 20, 2017, Defendant returned to Wyoming to live with her mother and was admitted to an intensive inpatient drug

**REPORT AND RECOMMENDATION - 2**

treatment program on October 31, 2017. She successfully completed the program on January 30, 2018, after which she began intensive outpatient therapy and obtained employment. She has provided one drug screening since January 30, 2018, that was negative. Pretrial Services recommends that Defendant be continued on pretrial supervision, and also requests removal of the pretrial condition requiring curfew and location monitoring, due to the rural nature of the District of Wyoming where Defendant is under courtesy supervision.

At the time of the plea hearing, the Government did not oppose continued pretrial release pending sentencing, given Defendant's successful completion of inpatient treatment and the fact that she likely may be eligible for a sentence of probation, without incarceration, under the Government's preliminary guideline calculation. Further, the Government indicated it has no information or reason to believe Defendant presents an enhanced risk of flight or danger to the community at this time.

Upon consideration of the totality of the circumstances in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's drug addiction that would occur with detention pending imposition of sentencing, and upon finding Defendant is unlikely to flee or pose a danger to the community if release is continued, the Court finds exceptional reasons have been clearly shown why detention pending sentence would not be appropriate at this time. The Court

will recommend release be continued pending imposition of sentence.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Adrianne D. Hagger's plea of guilty to Count One of the Indictment, Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Dkt. 8.)

2) The District Court order forfeiture consistent with Defendant Adrianne D. Hagger's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 8) and the Plea Agreement (Dkt. 46).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts Two, Three and Four of the Indictment (Dkt. 8) as to the Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Amended Order Setting Conditions of Release, with the exception of location monitoring (provision "q") . (Dkt. 31)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a

result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 5, 2018

                                              CANDY WAGAHOFF DALE
                                              U.S. MAGISTRATE JUDGE